# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| QUENTIN RHODES, | ) |
| Plaintiff, | ) |
| v. | ) 1:20CV42 |
| ANJANETTE TALTON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendants Anjanette Talton, William Bullard, Dean Locklear, and Katy Poole's ("Defendants") motion to dismiss for improper service and lack of personal jurisdiction. (Docket Entry 13.) Plaintiff Quentin Rhodes filed a response in opposition to this motion. (Docket Entry 16.) This matter is ripe for disposition. For the following reasons, the Court will recommend that Defendants' motion be denied and Plaintiff have an opportunity to cure service.

## I. BACKGROUND

On or about January 15, 2020, Plaintiff, a pro se prisoner of the State of North Carolina, filed a complaint against Defendants pursuant to 42 U.S.C. § 1983 alleging that Defendants failed to protect him during an assault by another inmate, and acted with deliberate indifference to Plaintiff's safety concerns. (*See generally* Complaint, Docket Entry 2.) Plaintiff states that he filed grievances with Defendants Poole, Bullard, and Locklear expressing his

concerns about his safety. (*Id.* at 5-6.)[1] On May 25, 2019, Plaintiff alleges that Defendant Talton allowed three inmates from another housing pod into Plaintiff's pod with a weapon. (*Id.* at 5.) The four inmates attacked Plaintiff leaving him with stab wounds on his hand, shoulder, temple, back, as well as a chipped tooth, and injuries to his wrist and left ankle. (*Id.* at 6.) Following the attack, Plaintiff alleges that he was moved back to regular population where he could have been subject to more physical harm. (*Id.*) Plaintiff seeks monetary damages against the Defendants. (*Id.* at 7.)

In August 2020, all four Defendants were served at the Scotland Correctional Institution. (Docket Entries 8-11.) The U.S. Mail Return Receipts show that the packages were not signed by Defendants. (*See id.*) On October 21, 2020, Defendants filed a motion to dismiss Plaintiff's complaint for insufficient service of process and lack of personal jurisdiction. (Docket Entry 13.) Plaintiff thereafter filed a response to Defendants' motion in which Plaintiff contends that Defendants would not provide a personal address suitable for service, so Plaintiff sent the complaint and summons to the Scotland Correctional Institution. (Docket Entry 16.)

## II. DISCUSSION

Defendants argue that dismissal is appropriate pursuant to Federal Rules of Civil 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and insufficient service of process. (Docket Entry 14 at 3-4.) "A motion to dismiss under Rule 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process." *Plant Genetic Sys., N.V. v.*

---

[1] All citations in this recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

*Ciba Seeds,* 933 F.Supp. 519, 526 (M.D.N.C. 1996) (citing *Chilicky v. Schweiker,* 796 F.2d 1131, 1136 (9th Cir. 1986), *rev'd on other grounds,* 487 U.S. 412 (1988)). Once the sufficiency of service of process is challenged, the burden is on the plaintiff to establish that service of process has been completed in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure. *Id.* (citation omitted.) The Fourth Circuit has previously stated:

> When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984). "Even so, courts generally allow *pro se* plaintiffs a chance to remedy technical insufficiencies in service of process." *Thomas v. Nelms*, No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013) (emphasis added); *see also Miller v. Nw. Region Library Bd.*, 348 F.Supp.2d 563, 567 (M.D.N.C. 2004) ("In addition, *pro se* litigants are allowed even greater latitude to correct defects in service of process and pleadings.").

The manner in which a defendant may be served is governed by Rule 4 of the Federal Rules of Civil Procedure. Service upon an individual within a judicial district in the United States must comply with Rule 4(e) which states:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

3

>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>>
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>>
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). N.C. Gen. Stat. § 1A-1, Rule 4(j)(1) sets out the manner in which service upon a natural person may be made in the state of North Carolina. The Fourth Circuit has stated that "[a]bsent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell,* 152 F.3d 304, 306 (4th Cir. 1998) (citation omitted). In North Carolina, "[a]lthough a return of service showing service on its face constitutes *prima facie* evidence of service, such showing can be rebutted by the affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." *Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996) (emphasis in original).

Here, Defendants argue that Plaintiff improperly served Defendants at their place of employment, not their individual residences. (Docket Entry 14 at 4.) Further, Defendants assert that individuals named "Ebony Glenn" and "E. DeNoble" (not Defendants) signed for the summonses and Complaint at the prison facility. (*See id.*; *see also* Docket Entries 8-11.) Defendants have not submitted an affidavit attesting that neither "Ebony Glenn" nor "E. DeNoble" were agents authorized to accept service on Defendant's behalf, but rather rely on their argument that they were not personally served at their place of employment or otherwise

4

served at their individual residences. (*See* Docket Entry 14 at 4.) Plaintiff avers that he asked Defendants to come see him directly so he could personally serve them, and he attempted to obtain personal addresses from Defendants which they refused to provide; thus, Plaintiff was forced to send the summonses to the prison facility. (Docket Entry 16 at 1.)

After review of the record, the Court concludes that even if Defendants have rebutted the presumption that service was proper, Defendants received actual notice, and there is no indication that they would be prejudiced by a liberal construction of Rule 4(m). *See Thomas*, 2013 WL 593419 at *1 (finding no prejudice in allowing the plaintiff an opportunity to cure service). Dismissal for insufficient service of process is, therefore, inappropriate. Rather, the Court, in exercising its discretion, should quash service and allow Plaintiff an opportunity to perfect service. *See Coley v. Golkeinllice*, No. 1:17CV362, 2018 WL 851381, at *3 (M.D.N.C. Feb. 13, 2018), *report and recommendation adopted*, No. 1:17CV362, 2018 WL 1583672 (M.D.N.C. Mar. 28, 2018).

### III. CONCLUSION

For the reasons stated herein, **IT IS THEREFORE RECOMMENDED** that the Court **DENY** Defendants' motion to dismiss (Docket Entry 13) for improper service and lack of personal jurisdiction.

**IT IS FURTHER RECOMMENDED** that service of process on all Defendants be **QUASHED**, and that Plaintiff be given additional time in which to perfect service.[2]

_____
Joe L. Webster
United States Magistrate Judge

March 4, 2021
Durham, North Carolina

---

[2] The undersigned acknowledges the difficulties, given Plaintiff's pro se prisoner status, that he may still encounter even with additional time in which to perfect service. Perhaps Defendants may agree to waive service at Plaintiff's request, although they are under no obligation to do so.