IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| QUENTIN RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:20CV42 |
| | ) |
| ANJANETTE TALTON, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

The Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on March 4, 2021, was served on the parties in this action. (ECF No. 18). No objections were filed within the time prescribed by § 636. The court hereby adopts the Magistrate Judge's Recommendation.

Plaintiff did, however, file a document in which he seeks a copy of the Complaint and summonses in this action, or alternatively, questions whether he should file a new complaint and summons. (*See* ECF No. 20.) The document also includes a letter to defense counsel seeking the personal addresses of the named Defendants and seeking waiver of service. (*Id.* at 2.) Lastly, Plaintiff seeks similar information from the Court in the form of a "Motion to Produce" the personal addresses of the named Defendants. (*Id.* at 3.)

In light of Plaintiff's request in the above-mentioned filing and in consideration of the Court's duty to assist with service of process for *pro se* litigants proceeding *in forma pauperis*, *see Kaminsky v. Wake Forest Univ. Baptist Med. Ctr.*, No. 1:08CV882, 2009 WL 3208449, at *5 (M.D.N.C. Sept. 30, 2009), *report and recommendation adopted* (Nov. 5, 2009), the court will seek

the assistance of counsel for Defendants to obtain the last known addresses for Defendants. Alternatively, counsel may obtain authorization from Defendants to accept service of process on their behalf, or Defendants themselves may elect to waive service of process. Accordingly,

IT IS THEREFORE ORDERED that Defendants' motion to dismiss, (ECF No. 13), for improper service and lack of personal jurisdiction be DENIED, that service of process on all Defendants be QUASHED, and that Plaintiff shall have sixty days from the date of this Order within which to perfect service.

IT IS FURTHER ORDERED that the North Carolina Department of Justice, by and through defense counsel, shall, no later than 14 days from the date of this Order, make a good faith effort to obtain the last known address of Defendants Talton, Bullard, Locklear, and Poole, and if able, to file that information, under seal, with the Court for service of process purposes only. To the extent the information requested is not obtained, counsel should file a statement under seal with the court explaining counsel's efforts to locate the information. Alternatively, counsel may obtain authorization from Defendants to accept service of process on their behalf, or Defendants themselves may elect to waive service of process.[1]

This the 12th day of April 2021.

/s/ Loretta C. Biggs
United States District Judge

---

[1] If the last known addresses are obtained for Defendants, the Clerk shall issue a summons for each Defendant (in redacted form) and the U.S. Marshal shall attempt service upon each Defendant.